UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEIDY A. DONDERO,

    Plaintiff,

v.                                        Case No:   6:14-cv-1381-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 15), Defendant's Opposition to Plaintiff's Application for Attorney Fees (Doc. 16), and Plaintiff's Reply (Doc. 18).   For the reasons that follow, Plaintiff's motion is **GRANTED in part**.

On August 4, 2015, the Court entered an order reversing the Commissioner's final decision and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 13).   The Clerk entered judgment the following day (Doc. 14). Plaintiff now requests an award of attorney fees in the amount of $3,811.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Under the EAJA, a party is eligible for an award of attorney's fees where: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party filed a timely application for attorney's fees; (4) the party had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).   "The Commissioner does not

challenge Plaintiff's prevailing party status, the timeliness of her application, the rate or hours requested, or the existence of special circumstances, but respectfully requests Plaintiff's petition be denied because the Commissioner's position was substantially justified."  (Doc. 16, p. 2).

Whether or not the Commissioner's position was substantially justified is essentially a question of reasonableness.  Sullivan v. Hudson, 490 U.S. 877, 883-85 (1989); Pierce v. Underwood, 487 U.S. 552, 564-65 (1988).  The position of an agency is "substantially justified" if it is "'justified in substance or in the main' -- that is, justified to a degree that would satisfy a reasonable person."  Underwood, 487 U.S. at 565-66.  The Commissioner's litigation position is "substantially justified" if it is reasonable in both law and fact.  Id.  An agency's position can be substantially justified even if a court ultimately finds it erroneous or not supported by substantial evidence.  See Monroe v. Comm'r of Soc. Sec. Admin., 569 F. App'x 833, 834 (11th Cir. 2014); White v. United States, 740 F.2d 836, 839 (11th Cir. 1984).  However, the burden of showing substantial justification rests with the Commissioner.  Scarborough v. Principi, 541 U.S. 401, 414 (2004); White, 740 F.2d at 839.

In the case *sub judice*, the Court reversed the decision of the Commissioner and remanded the matter for further proceedings because the ALJ failed to weigh the opinion of treating physician David Magness, D.O., and failed to give reasons for discounting his opinion (Doc. 13, p. 7).  In opposing Plaintiff's request for attorney fees, the Commissioner maintains that Plaintiff prevailed on a challenge to the ALJ's "articulation of a determination, rather than the propriety of the determination itself."  (Doc. 16, p. 3 (emphasis in original)).  She argues that "[c]ase law provides substantial justification for the Commissioner's argument that any technical, procedural defect in articulation was

rendered harmless by the substantial evidence supporting the ALJ's implicit rejection of Dr. Magness' opinion." (Id. at p. 5). "The Commissioner respectfully maintains that case law provides substantial justification for her position that the ALJ's decision provides substantial evidence of her treatment of Dr. Magness' opinion, notwithstanding the articulation issues." (Id. at p. 4).

The Commissioner argues that this matter was remanded for a mere "technical, procedural defect in articulation." I disagree. As the Court stated in ordering the remand of this action, "Dr. Magness' opinion is not just any piece of evidence–it is an opinion by a treating physician on a claimant's functional limitations" that, if credited, would have likely "rendered Plaintiff disabled under Rule 201.12 of the Medical-Vocational Guidelines." (Doc. 13, pp. 7 n.3, 8). "Case law and SSR 96-5p expressly require the ALJ to evaluate such opinions in the decision." (Id. at p. 7 n.3). The ALJ nevertheless failed to state what weight she gave the doctor's opinion or the reasons for doing so. The Court also noted that "the Commissioner has not cited any authority supporting the idea that a court can affirm an ALJ decision that fails to comply with SSR 96-5p under these or similar circumstances." (Id. at p. 9). Consequently, it cannot be said that the position of the Commissioner was substantially justified and an award of fees under the EAJA is therefore, warranted. See Ortiz v. Comm'r of Soc. Sec., No. 6:11-CV-1835-ORL-TBS, 2013 WL 5187794, at *3 (M.D. Fla. Sept. 13, 2013); Washington v. Comm'r of Soc. Sec., No. 6:11-CV-1607-ORL-22-DAB, 2013 WL 1320428, at *4 (M.D. Fla. Mar. 12, 2013) report and recommendation adopted, 2013 WL 1320425 (M.D. Fla. Mar. 29, 2013); Agnew v. Astrue, No. CA 11-0060-C, 2012 WL 947415, at *2 (S.D. Ala. Mar. 20, 2012); Frazzetto v. Comm'r Soc. Sec., No. 6:07-CV-948-ORL-28KRS, 2008 WL 5083791, at *2 (M.D. Fla. Dec. 2, 2008). Accordingly, the Commissioner's

objections are **OVERRULED**.

Plaintiff has requested a fee award of $3,811.50, consisting of 23.10 hours of attorney time compensated at the rate of $165 per hour (Doc. 15).   In her reply brief, Plaintiff requested leave to file an amended motion for EAJA fees to include additional time spent researching and preparing Plaintiff's Reply.   Plaintiff's request is **GRANTED**. See e.g., Jean v. Nelson, 863 F.2d 759, 780 (11th Cir. 1988) aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990).   Plaintiff is **ORDERED** to file an amended EAJA petition within fourteen (14) days.   The motion should include a certification pursuant to M.D. FLA. R. 3.01(g) stating whether the Commissioner agrees on the resolution of the motion.   The Clerk is **DIRECTED** to terminate Doc. 15 from the Court's pending motions list.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record